UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

—————————————————————x
:
IN RE MICROSOFT CORP.                :
ANTITRUST LITIGATION                 :
                                     :   MDL No. 1332
This Document Relates To:            :   Hon. J. Frederick Motz
                                     :
*Christine Barton* v. *Microsoft Corp.* (No. JFM-02-3742)  :
*Joey Bruce* v. *Microsoft Corp.* (No. JFM-02-3739)        :
*Karl Green* v. *Microsoft Corp.* (No. JFM-02-3743)        :
*Renae Lucas* v. *Microsoft Corp.* (No. JFM-02-3741)       :
*David Perry* v. *Microsoft Corp.* (No. JFM-02-3740)       :
—————————————————————x

**MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
FIVE COMPLAINTS ASSERTING MISSISSIPPI STATE-LAW CLAIMS**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, MD 21209
(410) 580-3000

*Attorneys for Microsoft Corporation*
*(additional counsel listed on signature page)*

September 2, 2003

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

―――――――――――――――――――x
:
IN RE MICROSOFT CORP. :
ANTITRUST LITIGATION :
: MDL No. 1332
This Document Relates To: : Hon. J. Frederick Motz
:
*Christine Barton* v. *Microsoft Corp.* (No. JFM-02-3742) :
*Joey Bruce* v. *Microsoft Corp.* (No. JFM-02-3739) :
*Karl Green* v. *Microsoft Corp.* (No. JFM-02-3743) :
*Renae Lucas* v. *Microsoft Corp.* (No. JFM-02-3741) :
*David Perry* v. *Microsoft Corp.* (No. JFM-02-3740) :
―――――――――――――――――――x

**MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
FIVE COMPLAINTS ASSERTING MISSISSIPPI STATE-LAW CLAIMS**

On August 22, this Court dismissed 16 cases brought against Microsoft alleging violations of the Mississippi Antitrust Act, Miss. Code Ann. § 75-21-1 *et seq.* and the Mississippi Consumer Protection Act, Miss. Code Ann. § 74-24-1 *et seq.*, and civil conspiracy. *In re Microsoft Corp. Antitrust Litig.*, MDL 1332 (D. Md. Aug. 22, 2003) ("August 22 Opinion"). Pending before the Court are five additional cases[1] asserting the same claims for relief and relying on factual allegations that are virtually identical to those contained in the 16 complaints this Court found insufficient to state a cause of action.

---

[1]  Following Microsoft's removal of these five cases to federal court, plaintiffs in each of the cases filed motions to remand. The Court has not ruled on plaintiffs' remand motions.

As with those cases, the plaintiffs here, Christine Barton, Joey Bruce, Karl Green, Renae Lucas, and David Perry, have failed to allege any conduct by Microsoft occurring entirely within the state of Mississippi as required by the Mississippi Antitrust Act and have failed to allege a viable underlying tort as required to support a claim for civil conspiracy.

The only cause of action asserted by the plaintiffs here that was not addressed in this Court's earlier ruling is the Consumer Protection Act claim. The Court did not need to reach this issue because the plaintiffs in those cases conceded in their responses to Microsoft's motions to dismiss that the Mississippi Consumer Protection Act provides no private cause of action for anticompetitive conduct. August 22 Opinion at 4 n.2. Having recognized that complaints virtually identical to those relied on by the plaintiffs in these cases were insufficient to state a cause of action under Mississippi law, this Court should dismiss plaintiffs' claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

I. **Plaintiffs Have Alleged No Conduct by Microsoft Occurring Within the State of Mississippi as Required Under the Antitrust Act.**

As this Court recognized in its August 22 opinion, the Mississippi Supreme Court has authoritatively construed the Mississippi Antitrust Act to prohibit only those monopolies that are "accomplished in part at least by transactions which are . . . wholly intrastate." *Standard Oil Co. of Kentucky* v. *State ex rel. Attorney Gen.*, 65 So. 468, 471 (Miss. 1914).

The factual allegations contained in plaintiffs' complaints are virtually verbatim recitations of the allegations contained in the 16 complaints this Court

dismissed in its August 22 ruling. As with those plaintiffs, plaintiffs here have made no allegation that Microsoft engaged in any conduct "lying wholly within the state." August 22 Opinion at 7. Instead, like the plaintiffs in the dismissed cases, plaintiffs here rely on the same alleged conduct described in the findings of fact in *United States v. Microsoft Corp.*, 84 F. Supp. 2d 9 (D.D.C. 1999), none of which occurred within Mississippi. Because plaintiffs have not and cannot allege any conduct by Microsoft occurring within the state, their claims under the Mississippi Antitrust Act must fail.

**II.    There Is No Private Right of Action Under the Mississippi Consumer Protection Act For the Violations Alleged.**

Plaintiffs base their Consumer Protection Act claims on the same conduct that forms the basis of their antitrust claims. Indeed, they merely incorporate by reference the antitrust allegations into their claims for relief under the Consumer Protection Act. (Barton Compl. ¶ 99; Bruce Compl. ¶ 99; Green Compl. ¶ 99; Lucas Compl. ¶ 99; Perry Compl. ¶ 99).

Mississippi's Consumer Protection Act creates a private right of action *only* for litigants injured by one of eleven specific acts or practices enumerated in the Act, such as passing off, misrepresenting the source of goods, or representing used or second-hand goods as new. Miss. Code Ann. § 75-24-5(2). The conduct alleged by the plaintiffs, however -- if it falls within the scope of the Consumer Protection Act at all -- could only be prohibited by the act's general prohibition against "unfair methods of competition and unfair or deceptive trade practices in or affecting commerce." Miss. Code Ann. § 75-24-5(1) (Rev. 2000). This provision, however, may only be enforced in an action brought by the Attorney General, who may only seek injunctive relief to

y

restrain the violation. Miss. Code Ann. §§ 75-24-5(1), 75-24-9. Because plaintiffs have not alleged any violation under which private litigants may proceed, their Consumer Protection Act claims must fail.[2]

### III. Plaintiffs Have Alleged No Viable Underlying Tort in Support of Their Civil Conspiracy Claims.

As this Court has already recognized, under Mississippi law, a civil conspiracy claim must reference a viable, underlying tort. August 22 Opinion at 8, *citing Wells* v. *Shelter Gen'l Ins. Co.*, 217 F. Supp. 2d 744, 755 (S.D. Miss. 2002). The only independent torts to which plaintiffs refer in their complaints, the alleged violations of the Mississippi Antitrust Act and the Mississippi Consumer Protection Act, cannot succeed for the reasons stated above. Because plaintiffs' allegations cannot support the underlying torts on which they attempt to rely, their civil conspiracy claims must fail as well. *Id.*

---

[2] Even if the plaintiffs were asserting valid claims under the Consumer Protection Act for the conduct alleged here, they have not followed the procedure set out in § 75-24-15(2), which requires any private plaintiff to make a reasonable attempt to resolve any claim through an informal dispute program approved by the Attorney General before commencing litigation.

## CONCLUSION

For the foregoing reasons, plaintiffs' complaints should be dismissed in their entirety.

September 2, 2003

| | |
|---|---|
| *Of Counsel*: | Respectfully submitted, |
| Charles B. Casper<br>MONTGOMERY, McCRACKEN,<br>  WALKER & RHOADS, LLP<br>123 South Broad Street<br>Philadelphia, Pennsylvania 19109<br>(215) 772-1500 | By: _____<br>  David B. Tulchin<br>  Joseph E. Neuhaus<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>(212) 558-4000 |
| Richard J. Wallis<br>Steven J. Aeschbacher<br>MICROSOFT CORPORATION<br>One Microsoft Way<br>Redmond, Washington 98052<br>(425) 936-8080 | Michael F. Brockmeyer<br>  (Fed. Bar No. 02307)<br>Jeffrey D. Herschman<br>  (Fed. Bar No. 00101)<br>PIPER RUDNICK LLP<br>6225 Smith Avenue<br>Baltimore, MD 21209<br>(410) 580-3000 |

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I, Jeffrey D. Herschman, hereby certify that a true and correct copy of the attached Microsoft's Memorandum in Support of its Motion to Dismiss Five Complaints Asserting Mississippi State-Law Claims was served on September 2, 2003 upon the following by United States mail, first class, postage prepaid:

>  Stanley M. Chesley
> Waite, Schneider, Bayless & Chesley Co., L.P.A.
> 1513 Fourth & Vine Tower
> One West Fourth Street
> Cincinnati, OH 45202
>
> Michael D. Hausfeld
> Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
> 1100 New York Avenue, NW
> West Tower, Suite 500
> Washington, DC 20005
>
> Brent Hazzard
> Hazzard Law
> 134 East Amite Street
> Jackson, Mississippi 39201
>
> Christopher W. Cofer
> Cofer & Associates, P.A.
> 2506 Lakeland Drive
> Suite 600
> Jackson, Mississippi 39232

_____
Jeffrey D. Herschman