UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

————————————————————x
:
IN RE MICROSOFT CORP. :
ANTITRUST LITIGATION :
: MDL No. 1332
This Document Relates To: : Hon. J. Frederick Motz
:
*Christine Barton* v. *Microsoft Corp.* (No. JFM-02-3742) :
*Joey Bruce* v. *Microsoft Corp.* (No. JFM-02-3739) :
*Karl Green* v. *Microsoft Corp.* (No. JFM-02-3743) :
*Renae Lucas* v. *Microsoft Corp.* (No. JFM-02-3741) :
*David Perry* v. *Microsoft Corp.* (No. JFM-02-3740) :
————————————————————x

**MICROSOFT'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS FIVE COMPLAINTS
ASSERTING MISSISSIPPI STATE-LAW CLAIMS**

SULLIVAN & CROMWELL LLP
David B. Tulchin
Joseph E. Neuhaus
125 Broad Street
New York, New York  10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, MD 21209
(410) 580-3000

*Attorneys for Microsoft Corporation*
(*additional counsel listed on signature page*)

October 3, 2003

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

―――――――――――――――――――――――――x
                                                                :
IN RE MICROSOFT CORP.                          :
ANTITRUST LITIGATION                           :
                                                                :    MDL No. 1332
This Document Relates To:                        :    Hon. J. Frederick Motz
                                                                :
*Christine Barton* v. *Microsoft Corp.* (No. JFM-02-3742)   :
*Joey Bruce* v. *Microsoft Corp.* (No. JFM-02-3739)         :
*Karl Green* v. *Microsoft Corp.* (No. JFM-02-3743)         :
*Renae Lucas* v. *Microsoft Corp.* (No. JFM-02-3741)        :
*David Perry* v. *Microsoft Corp.* (No. JFM-02-3740)        :
―――――――――――――――――――――――――x

**MICROSOFT'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS FIVE COMPLAINTS
ASSERTING MISSISSIPPI STATE-LAW CLAIMS**

Plaintiffs seek to escape the effects of this Court's August 22, 2003 ruling dismissing 16 complaints virtually identical to those here, *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332, 2003 WL 22070561 (D. Md. Aug. 22, 2003), by challenging this Court's jurisdiction and by attempting to distinguish their cases from those dismissed in the August 22 opinion. The jurisdictional argument fails because the punitive damages claims in their complaints make the amount in controversy above $75,000. Post-removal affidavits purporting to disclaim that amount cannot deprive this Court of jurisdiction. Plaintiffs' attempt to distinguish their cases on the merits likewise fails because they assert the same causes of action at issue in the August 22 opinion and rely on factual allegations virtually identical to those asserted by the plaintiffs in those cases.

I.  **This Court Has Jurisdiction Over Plaintiffs' Claims.**

The complaint in each of these cases alleges a wide range of supposedly anticompetitive activity affecting millions of consumers in three separate worldwide "markets." The complaints seek punitive damages, (Compl. Prayer), and allege that Microsoft is "the world's largest software company" and "had revenues of approximately $25.3 billion" in 2001. (Compl. ¶¶ 1, 8.) In awarding punitive damages, Mississippi juries are instructed to consider the defendant's "financial condition and net worth." Miss. Code § 11-1-65(1)(e). Publicly-available documents will show Microsoft's annual net income (*i.e.* profits) to be in the billions. In these circumstances, the complaints plainly state an amount in controversy in excess of $75,000.

This is all the more true in light of the history of very high punitive damage awards in Mississippi state courts. Where a complaint seeks punitive damages, courts properly consider the amount of punitive damages awarded in other similar cases. *See, e.g., Hutchens* v. *Progressive Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002) (upholding removal where "West Virginia courts have upheld punitive damage awards substantially in excess of compensatory damages recovered"); *Smith* v. *Associates Capital Bank*, No. 1:99cv301, 1999 WL 33537131, at *5-7 (N.D. Miss. Dec. 9, 1999) (upholding removal in view of history of high punitive-damage awards in Mississippi). Mississippi juries have in recent years awarded punitive damages against out-of-state defendants vastly in excess of $75,000, even in cases alleging only economic harm and where compensatory damages are measured in the hundreds of dollars. *See, e.g., State Farm Mut. Auto. Ins. Co.* v. *Grimes*, 722 So. 2d 637, 639-44 (Miss. 1998) (affirming punitive damages award of $1.25 million on actual damages award of $1,900

for wrongful denial of insurance); *Employers Mut. Cas. Co.* v. *Tomkins*, 490 So. 2d 897, 907-10 (Miss. 1986) (upholding $400,000 punitive damages award in case where actual damages had been reduced to $500). *See also* Mark Ballard, *Mississippi Becomes a Mecca for Tort Suits*, Nat'l L.J., Apr. 30, 2001, at A-1.

In the present cases, the plaintiffs have sought to avoid federal jurisdiction by including allegations in their complaints purporting to limit the recoveries they seek to just under the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332. Under the Mississippi Rules of Civil Procedure, however, plaintiffs may amend their pleadings to seek a greater amount "at any time, even after judgment." Miss. R. Civ. P. 15(b); *see also Queen* v. *Queen*, 551 So. 2d 197, 201 (Miss. 1989).

In order to prevent plaintiffs from manipulating non-binding state pleading requirements, like those of Mississippi, the Fifth Circuit has ruled that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]" *De Aguilar* v. *Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *see also Smith*, No. Civ.A.1:99CV301-P-A, 1999 WL 33537131, at *5-6 (allegation in complaint purporting to limit punitive damages sought under Mississippi law to less than $75,000 was nonbinding and, therefore, insufficient to defeat federal jurisdiction); *Hutchens*, 211 F. Supp. 2d at 791 (same under West Virginia law). Since jurisdiction attaches upon removal, plaintiffs' submission of post-removal affidavits does not deprive this Court of jurisdiction over their cases. *See St. Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U.S. 283, 292 (1938) (post-removal affidavits or stipulations reducing a claim below the

jurisdictional amount do not deprive federal court of jurisdiction); *Hutchens*, 211 F. Supp. 2d at 791.[1]

Plaintiffs do not dispute the frequency with which Mississippi's state courts have upheld excessive punitive damage awards in the past. Rather, they argue that the United States Supreme Court's recent holding in *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), would render an award of more than $70,000 in these cases "impossible" in the future. (Pl. Mem. at 2.) As plaintiffs recognize, however, they must establish "to a legal certainty" that, at the time of removal, the plaintiff could not recover the requisite amount. *St. Paul*, 303 U.S. at 289; *Shanaghan*, 58 F.3d at 111; Pl. Mem. at 2. Not only was the *Campbell* case decided after removal, but its impact on Mississippi's punitive damages jurisprudence remains uncertain. The Supreme Court's last ruling on the due process implications of excessive punitive damage awards, *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 580 (1996) ("[t]he . . . perhaps most common indicium of an unreasonable or excessive punitive damages award is its ratio to the actual harm inflicted on the plaintiff"), has clearly not constrained Mississippi courts. *See American Income Life Ins. Co. v. Hollis*, 830 So. 2d 1230, 1243 (Miss. 2002) (upholding jury verdict awarding $400 in compensatory damages and $100,000 in punitive damages as consistent with *Gore*); *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 445

---

[1] Plaintiffs assert that the "court . . . looks to the record as a whole at the time the [jurisdictional] issue was raised, including affidavits," citing *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). (Pl. Mem. at 2.) *Shanaghan* concerned whether a court should, in its discretion, exercise supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims after the claim that gave the court jurisdiction is dismissed. It does not address what the court may consider in deciding whether it had jurisdiction at the time of removal, which is the question here.

(finding $1.5 million punitive damage award for wrongful termination not constitutionally excessive under *Gore* where actual damages amounted to $10,000).

II. **Plaintiffs Have Alleged No Wrongful Conduct By Microsoft Within Mississippi as Required to Establish a Cause of Action Under the Mississippi Antitrust Act.**

As this Court recognized in its August 22 opinion, in order to come within the scope of the Mississippi Antitrust Act, an alleged conspiracy "must have as one of its objects a monopoly in the intrastate trade therein *to be accomplished in part at least by transactions which are also wholly intrastate.*" *In re Microsoft Antitrust Litig.*, 2003 WL 22070561, at *1-2 (quoting *Standard Oil Co. of Kentucky* v. *Mississippi ex rel. Attorney Gen.*, 65 So. 468, 470-71 (Miss. 1914), *overruled in part on other grounds, Mladinich* v. *Kohn*, 164 So. 2d 785 (Miss. 1964)). Plaintiffs' arguments relating to the Mississippi long-arm statute, Miss. Code Ann. § 13-3-31, are simply irrelevant to any issue in this case. Microsoft has not sought dismissal of these cases on personal jurisdiction grounds. A defendant may be "doing business in Mississippi" for purposes of its long-arm statute and still have not engaged in any wrongful transactions that were "wholly intrastate."

Plaintiffs' contention that this Court's interpretation of the Antitrust Act renders the statute a dead letter is also incorrect. The *Standard Oil* case itself demonstrates that the Act is capable of reaching interstate conspiracies *provided* plaintiffs can show some conduct by the defendant lying wholly within the state of Mississippi in furtherance of an illegal monopoly. Plaintiffs here have failed to allege any such conduct.

### III. There Is No Private Right of Action Under the Mississippi Consumer Protection Act For the Violations Alleged.

Plaintiffs have not attempted to bring the conduct they allege within one of the specifically prohibited practices set forth in § 75-24-5(2). Rather, plaintiffs argue that Miss. Code § 75-24-15 allows a private right of action under either § 75-24-5(1) or § 75-24-5(2). This reading of the statute ignores the specific limitation in § 75-24-5(1) that actions under that subsection "may be brought . . . only under the provisions of Section 75-24-9." Miss Code § 75-24-5(1). As set forth in Microsoft's opening brief, § 75-24-9 provides a cause of action only to the Mississippi Attorney General and only for injunctive relief. *See Yarbrough* v. *Camphor*, 645 So. 2d 867, 872 (Miss. 1994) ("[W]hen two statutes encompass the same subject matter, one being general and the other specific, the latter will control").[2]

### IV. Plaintiffs Have Alleged No Viable Underlying Tort in Support of Their Civil Conspiracy Claims.

Plaintiffs have not challenged this Court's holding that, under Mississippi law, a civil conspiracy claim must reference a viable, underlying tort. *In re Microsoft Antitrust Litig.*, 2003 WL 22070561, at *3, citing *Wells* v. *Shelter Gen'l Ins. Co.*, 217 F. Supp. 2d 744, 755 (S.D. Miss. 2002). Because plaintiffs' Antitrust Act and Consumer Protection Act claims fail, their civil conspiracy claims fail as well.

---

[2] In any event, none of the plaintiffs has satisfied the requirements of § 75-24-15(2), which is that they must "first" -- that is, before "bring[ing] an action at law" -- have made a reasonable attempt to resolve any claim through the Attorney General's informal dispute settlement program. Plaintiffs have submitted no evidence that they (unlike two other plaintiffs represented by the same lawyers) have "begun the administrative provision of the MCPA" and Microsoft is aware of no such attempt.

## CONCLUSION

For the foregoing reasons, plaintiffs' complaints should be dismissed in their entirety.

October 3, 2003

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: _____
  David B. Tulchin
   Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Michael F. Brockmeyer (Fed. Bar No. 02307)
Jeffrey D. Herschman (Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, MD 21209
(410) 580-3000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I, Jeffrey D. Herschman, hereby certify that a true and correct copy of the attached Microsoft's Reply Memorandum in Support of its Motion to Dismiss Five Complaints Asserting Mississippi State-Law Claims was served on October 3, 2003 upon the following by United States mail, first class, postage prepaid:

> Stanley M. Chesley
> Waite, Schneider, Bayless
>  & Chesley Co., L.P.A.
> 1513 Fourth & Vine Tower
> One West Fourth Street
> Cincinnati, OH 45202
>
> Michael D. Hausfeld
> Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
> 1100 New York Avenue, NW
> West Tower, Suite 500
> Washington, DC 20005
>
> Brent Hazzard
> Hazzard Law
> 134 East Amite Street
> Jackson, Mississippi 39201
>
> Christopher W. Cofer
> Cofer & Associates, P.A.
> 2506 Lakeland Drive
> Suite 600
> Jackson, Mississippi 39232

_____
Jeffrey D. Herschman